Trenton H. Norris (CA Bar No. 164781)
trent.norris@hoganlovells.com
Alexander Tablan (CA Bar No. 346309)
alexander.tablan@hoganlovells.com
Andrew Muse-Fisher (CA Bar No. 364086)
andrew.muse-fisher@hoganlovells.com
HOGAN LOVELLS US LLP
Four Embarcadero Center, 35th Floor
San Francisco, CA 94111-4024
Telephone:   415.374.2300
Facsimile:   415.374.2499

Attorneys for Plaintiffs listed in caption

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA LEAGUE OF FOOD PRODUCERS, AMERICAN FOREST & PAPER ASSOCIATION, CALIFORNIA APPLE COMMISSION, CALIFORNIA BLUEBERRY COMMISSION, CALIFORNIA GROCERS ASSOCIATION, CALIFORNIA RESTAURANT ASSOCIATION, CALIFORNIA RETAILERS ASSOCIATION, CALIFORNIA STRAWBERRY COMMISSION, CALIFORNIA TABLE GRAPE COMMISSION, CALIFORNIA WALNUT COMMISSION, CALIFORNIANS FOR AFFORDABLE PACKAGING, CONSUMER BRANDS ASSOCIATION, DAIRY INSTITUTE OF CALIFORNIA, FLEXIBLE PACKAGING ASSOCIATION, GROWER SHIPPER ASSOCIATION OF CENTRAL CALIFORNIA, OLIVE OIL COMMISSION OF CALIFORNIA, PERSONAL CARE PRODUCTS COUNCIL, PET FOOD INSTITUTE, PRINT CREATIVE ALLIANCE, SNAC INTERNATIONAL, and WESTERN GROWERS ASSOCIATION,<br><br>                  Plaintiffs,<br><br>         v.<br><br>ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>                  Defendant. | Case No. 3:26-cv-01675-WQH-BLM<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. William Q. Hayes<br>Action Filed: March 17, 2026<br>Trial Date: Not Set<br>Hearing: June 1, 2026<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 1, 2026, or as soon thereafter as counsel may be heard in the above-titled Court, located in the United States Courthouse at 333 West Broadway, San Diego, California 92101, before the Honorable William Q. Hayes, Plaintiffs in the above-captioned action ("Plaintiffs") will and hereby do move the Court to enter a prospective preliminary injunction, enjoining Defendant Attorney General and his officers, employees, or agents, and all those in privity or acting in concert with those entities or individuals from enforcing or threatening to enforce in the future the prohibition on communicating the recyclability of a product or packaging under California Public Resources Code sections 18015(d) and 42355.51.

As explained in detail in Plaintiffs' Memorandum of Points and Authorities, as of **October 4, 2026**, California Senate Bill 343, Stats. 2021, Ch. 507 ("SB 343" or "the law"), will prohibit persons from offering for sale, selling, distributing, or importing into the state products and packaging that include a recyclability claim unless the products and packaging are "considered recyclable in the state" according to several criteria enumerated in the law. Among these criteria are the requirements that the material must be (i) collected for recycling by recycling programs for jurisdictions that collectively encompass at least 60 percent of California's population; and (ii) sorted into defined recycling streams by at least 60 percent of recycling programs statewide. If either metric is not met, or if any of SB 343's other criteria are not satisfied, the law prohibits a business's speech related to the product's recyclability. No qualified statements or contextual disclosures are permitted. Businesses that include recyclability claims on products or packaging that do not meet the requirements of SB 343 risk enforcement actions by both public and private enforcers that could result in criminal and civil liability.

The purported objectives of SB 343 are to reduce consumer confusion about recycling, lower waste volume, and improve recycling rates. However, the practical

effect of the law will be to increase consumer confusion, increase waste volume, and reduce recycling rates. Consumers will be confused as to why materials they know to be recyclable no longer include recycling instructions. Waste volume will go up because, by prohibiting businesses from informing consumers that a product or its packaging can be recycled, SB 343 ensures that it will be discarded in the trash and sent to a landfill. Instead of restricting speech, the State could implement any number of alternatives that would improve the marketplace of information. California could raise public awareness around recyclability through state-funded educational campaigns and local programs. California could also allow businesses to make qualified claims of recyclability. Because SB 343 does not directly advance the State's interests and ignores less restrictive means, the law imposes an unconstitutional restriction on commercial speech in violation of the First Amendment. *See, e.g.*, *Cent. Hudson Gas & Electric Corp. v. Pub. Serv. Comm'n*, 447 U.S. 557, 566 (1980).

SB 343 also mandates that products and packaging must "routinely become[] feedstock used in the production of new products or packaging," be "sent to and reclaimed . . . consistent with the requirements of the Basel Convention," and meet a number of other design and collection requirements to be considered "recyclable." However, neither the law nor regulations define "routinely." The law also does not specify what it means to be "consistent with" the Basel Convention, and businesses have no means of accessing information related to compliance with this requirement. Many of the remaining design and collection requirements are similarly ambiguous, undefined, and subject to change without prior warning. Without this information, businesses have no notice of what materials are recyclable under the law. Businesses are therefore left to guess whether their products and packaging with recyclability messaging will invite lawsuits. This is the hallmark of an impermissibly vague law in violation of the Fourteenth Amendment. *See, e.g.*, *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012).

Plaintiffs' members urgently need relief from this Court before the law goes into effect on **October 4, 2026**, to prevent the State, or those in privity or acting in concert with the State, from infringing upon their First Amendment freedoms, the loss of which "for even minimal periods of time, unquestionably constitutes irreparable injury." *Valle Del Sol Inc. v. Whiting*, 709 F.3d 808, 828 (9th Cir. 2013). Plaintiffs' members also urgently need relief from this Court to prevent the State, or those in privity with the State, from infringing upon their Fourteenth Amendment right to due process. When the government regulates speech, "rigorous adherence to" principles of due process "is necessary to ensure that ambiguity does not chill protected speech." *Fox Television Stations*, 567 U.S. at 253-54. In particular, Plaintiffs' members that offer for sale, sell, distribute, or import into the state products and packaging with recyclability claims are left with an untenable choice: either refuse to sell, distribute, or import these products and packaging, or face the significant risk of an enforcement action under Public Resources Code sections 42355.51 or 18015(d) for failing to do so. Either option impermissibly infringes upon their First and Fourteenth Amendment rights. Plaintiffs' members also face ongoing reputational, competitive, and economic harms for which they cannot be compensated.

In support of this Motion, Plaintiffs rely on the accompanying Memorandum of Points and Authorities; the Declarations of Trenton H. Norris, Mark Pitts, Todd Sanders (California Apple Commission), Todd Sanders (California Blueberry Commission), Ronald Fong, Trudi Hughes, Jot Condie, Rachel Michelin, Rick Tomlinson, Ian LeMay, Robert Verloop, Julie Landry, John R. Hewitt, Katharine Davey, Daniel Felton, Christopher Valadez, Todd Sanders (Olive Oil Commission of California), Emily Manoso, Elizabeth Flores, Ian Flynn, Cindy Kuester, and Gail Delihant, and the Exhibits attached to the Request for Judicial Notice filed herewith; such oral argument as may be properly presented at or before the time of the hearing; and upon any other matter the Court deems proper. Plaintiffs anticipate that the

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

hearing on this Motion will require two hours. Plaintiffs do not anticipate calling live witnesses.

Dated: April 24, 2026                                         Respectfully submitted,


By:  */s/ Trenton H. Norris*
Trenton H. Norris

*Attorneys for Plaintiffs*
California League of Food Producers
American Forest & Paper Association
California Apple Commission
California Blueberry Commission
California Grocers Association
California Restaurant Association
California Retailers Association
California Strawberry Commission
California Table Grape Commission
California Walnut Commission
Californians for Affordable Packaging
Consumer Brands Association
Dairy Institute of California
Flexible Packaging Association
Grower Shipper Association of Central California
Olive Oil Commission of California
Personal Care Products Council
Pet Food Institute
Print Creative Alliance
SNAC International
Western Growers Association

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -
NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION 26cv01675