Trenton H. Norris (CA Bar No. 164781)
trent.norris@hoganlovells.com
Alexander Tablan (CA Bar No. 346309)
alexander.tablan@hoganlovells.com
Andrew Muse-Fisher (CA Bar No. 364086)
andrew.muse-fisher@hoganlovells.com
HOGAN LOVELLS US LLP
Four Embarcadero Center, 35th Floor
San Francisco, CA 94111-4024
Telephone:  415.374.2300
Facsimile:   415.374.2499

Attorneys for Plaintiffs listed in caption

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA LEAGUE OF FOOD PRODUCERS, AMERICAN FOREST & PAPER ASSOCIATION, CALIFORNIA APPLE COMMISSION, CALIFORNIA BLUEBERRY COMMISSION, CALIFORNIA GROCERS ASSOCIATION, CALIFORNIA RESTAURANT ASSOCIATION, CALIFORNIA RETAILERS ASSOCIATION, CALIFORNIA STRAWBERRY COMMISSION, CALIFORNIA TABLE GRAPE COMMISSION, CALIFORNIA WALNUT COMMISSION, CALIFORNIANS FOR AFFORDABLE PACKAGING, CONSUMER BRANDS ASSOCIATION, DAIRY INSTITUTE OF CALIFORNIA, FLEXIBLE PACKAGING ASSOCIATION, GROWER SHIPPER ASSOCIATION OF CENTRAL CALIFORNIA, OLIVE OIL COMMISSION OF CALIFORNIA, PERSONAL CARE PRODUCTS COUNCIL, PET FOOD INSTITUTE, PRINT CREATIVE ALLIANCE, SNAC INTERNATIONAL, and WESTERN GROWERS ASSOCIATION, <br><br>          Plaintiffs, <br><br>   v. <br><br>ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, <br><br>          Defendant. | No. 3:26-cv-01675-WQH-BLM <br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br>Judge:       Hon. William Q. Hayes <br>Date:        June 1, 2026 <br>Action Filed: March 17, 2026 |

REQUEST FOR JUDICIAL NOTICE                                      26cv01675

Plaintiffs California League of Food Producers, American Forest & Paper Association, California Apple Commission, California Blueberry Commission, California Grocers Association, California Restaurant Association, California Retailers Association, California Strawberry Commission, California Table Grape Commission, California Walnut Commission, Californians for Affordable Packaging, Consumer Brands Association, Dairy Institute of California, Flexible Packaging Association, Grower Shipper Association of Central California, Olive Oil Commission of California, Personal Care Products Council, Pet Food Institute, Print Creative Alliance, SNAC International, and Western Growers Association (collectively, "Plaintiffs") have filed herewith a Motion for Preliminary Injunction ("Motion").

"[A] preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Tex. v. Camenisch,* 451 U.S. 390, 395 (1981). "Therefore, the Federal Rules of Evidence do not strictly apply to preliminary injunction proceedings." *Disney Enters., Inc. v. VidAngel, Inc.,* 224 F. Supp. 3d 957, 966 (C.D. Cal. 2016) (citing *Republic of the Phil. v. Marcos,* 862 F.2d 1355, 1363 (9th Cir. 1988) (en banc); *Flynt Distrib. Co. v. Harvey,* 734 F.2d 1389, 1394 (9th Cir. 1984)). The Court therefore "is permitted to consider inadmissible evidence in deciding a motion for a preliminary injunction." *Id.*

Nevertheless, Plaintiffs hereby request that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following materials: (i) state legislative materials, which are attached as **Exhibits A-B** and **DD**; (ii) government agency reports, publications, and websites, which are attached as **Exhibits D-G**, **I**, and **EE-FF**; (iii) court records, which are attached as **Exhibits C** and **J-AA**; and (iv) publicly available internet websites, which are attached as **Exhibits H**, **BB-CC**, and **GG**.

Federal Rule of Evidence 201 provides that a district court must take judicial

notice of facts "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). A fact is appropriate for judicial notice if it is not subject to reasonable dispute, in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b).

### REQUESTS FOR JUDICIAL NOTICE

### I.    State Legislative Materials

The Court should take judicial notice of the following legislative materials from the California State Senate attached as **Exhibits A-B** and **DD**:

- **Exhibit A**: the text of California Senate Bill 343 as chaptered at Stats. 2021, Ch. 507, available at https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=202120220SB343 [last accessed April 23, 2026].
- **Exhibit B**: Senate Judiciary Committee, *SB 343 Analysis*, Regular Session (California 2021–2022), available at https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=202120220SB343# [last accessed April 23, 2026].
- **Exhibit DD**: Senate Committee on Environmental Quality, *SB 343 Analysis*, Regular Session (California 2021–2022), available at https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=202120220SB343# [last accessed April 23, 2026].

The Court may take judicial notice of legislative materials under Federal Rule of Evidence 201(b). *See Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 945 n.2 (9th Cir. 2013) (citing *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005)) (taking judicial notice of a California State Senate legislative committee analysis); *see also Arce v. Douglas*, 793 F.3d 968, 978 n.4 (9th Cir. 2015) (taking judicial notice of legislative history materials under Federal Rule of Evidence 201); *Zephyr v. Saxon Mortg. Servs., Inc.*, 873 F. Supp. 2d 1223, 1225-

26 (E.D. Cal. 2012) (same). Courts may also take judicial notice of state statutes. *Judith Basin Land Co. v. Fergus Cnty., Mont.*, 50 F.2d 792, 794 (9th Cir. 1931) ("Courts of the United States take judicial notice of the laws of any state, whether depending on state statutes or judicial decisions.").

Accordingly, the Court should take judicial notice of **Exhibits A-B** and **DD**.

**II.     Government Agency Reports, Publications, and Websites**

The Court should take judicial notice of the following government agency reports, publications, and websites, attached as **Exhibits D-G**, **I**, and **EE-FF**.

- **Exhibit D**: CalRecycle, SB 343 Frequently Asked Questions (2025), available at https://calrecycle.ca.gov/wcs/recyclinglabels/ [last accessed April 23, 2026].

- **Exhibit E**: California Department of Resources Recycling and Recovery ("CalRecycle"), SB 343 Material Characterization Study Final Findings 2023/2024 (2025), available at https://www2.calrecycle.ca.gov/Docs/Publications/Details/1751 [last accessed April 23, 2026].

- **Exhibit F**: U.S. Department of State, *Basel Convention on Hazardous Waste*, available at https://www.state.gov/key-topics-office-of-environmental-quality-and-transboundary-issues/basel-convention-on-hazardous-wastes [last accessed April 23, 2026].

- **Exhibit G**: CalRecycle, SB 343 Material Characterization Study Final Findings - 2023/2024 Appendix 2 - Public Comments Received (2025), available at https://www2.calrecycle.ca.gov/Docs/Publications/Details/1751 [last accessed April 23, 2026].

- **Exhibit I**: CalRecycle, SB 343 Material Characterization Study Final Findings - 2023/2024 Appendix 1 - Methodological Details & Data Tables (2025), available at

REQUEST FOR JUDICIAL NOTICE                                      26cv01675

https://www2.calrecycle.ca.gov/Docs/Publications/Details/1751 [last accessed April 22, 2026].

- **Exhibit EE**: CalRecycle, August Material Characterization Study Update Letter (2025), available at https://www2.calrecycle.ca.gov/Docs/Web/131064 [last accessed April 23, 2026].

- **Exhibit FF**: CalRecycle, December Material Characterization Study Update Letter (2025), available at https://www2.calrecycle.ca.gov/Docs/Web/137764 [last accessed April 23, 2026].

"Judicial notice is appropriate for records and reports of administrative bodies." *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) (citing *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1954)); *see also Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021) (taking judicial notice of a product label created by a federal agency); *AECOM Energy & Constr., Inc. v. Ripley,* No. CV 17-5398-RSWL-SSX, 2019 WL 2610953, at *3 (C.D. Cal. Apr. 24, 2019) ("The records and reports of administrative bodies . . . 'are proper subjects of judicial notice, as long as their authenticity or accuracy is not disputed.'") (internal citation omitted); *Villanueva v. Biter*, No. 1:11-cv-01050-AWI-SAB(PC), 2017 WL 6040326, at *3 (E.D. Cal. Dec. 6, 2017) (taking judicial notice of reports by California state agencies).

The Court also may take judicial notice of information posted on the website of a government agency. *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("[T]he court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies.") (internal citation omitted).

REQUEST FOR JUDICIAL NOTICE                    26cv01675

Accordingly, the Court should take judicial notice of **Exhibits D-G**, **I**, and **EE-FF**.

### III. Court Records

The Court should also take judicial notice of the following federal and state court records that are attached as **Exhibits C** and **J-AA**.

- **Exhibit C**: Real Party in Interest California Department of Resources Recycling and Recovery's Statement in Response to Defendants' Demurrers, *Last Beach Cleanup v. Stater Bros. Mkts.*, No. 22STCV18252 (L.A. Super. Ct. Oct. 5, 2023).

- **Exhibit J**: Complaint, *Losey v. Califia Farms, LLC*, No. 25STCV17229 (L.A. Super. Ct. June 13, 2025).

- **Exhibit K**: Complaint, *Heavey v. WinCup, Inc.*, No. 25CU014781C (S.D. Super. Ct. Mar. 21, 2025).

- **Exhibit L**: Second Amended Class Action Complaint, *Castillo v. Safeway, Inc.*, No. ECU004383 (Imperial Super. Ct. Apr. 6, 2026).

- **Exhibit M**: First Amended Complaint, *Blagoyevic v. Grocery Outlet Inc.*, No. 25CU050184C (S.D. Super. Ct. Nov. 20, 2025).

- **Exhibit N**: Second Amended Complaint, *Lee v. Sutter Home Winery, Inc.*, No. 25CU019972C (S.D. Super. Ct. Aug. 18, 2025).

- **Exhibit O**: First Amended Complaint, *Fraser v. Peet's Coffee Inc.*, No. 25CU019511C (S.D. Super. Ct. July 10, 2025).

- **Exhibit P**: First Amended Complaint, *Banta v. Delicato Vineyards, LLC*, No. STK-CV-UBT-2025-0005347 (San Joaquin Super. Ct. June 3, 2025).

- **Exhibit Q**: Second Amended Complaint, *Garcia v. Safeway, Inc.*, No. 37-2024-00016265-CU-BT-CTL (S.D. Super. Ct. Mar. 5, 2025).

- **Exhibit R**: First Amended Complaint, *McCullough v. Taco Bell Corp.*, No. CVRI2500069 (Riverside Super. Ct. Feb. 3, 2025).

- **Exhibit S**: Appellant's Opening Brief, *Planet Green Cartridges, Inc. v.*

REQUEST FOR JUDICIAL NOTICE                                      26cv01675

*Amazon.com, Inc.*, No. 23-4434 (9th Cir. Mar. 8, 2024).

- **Exhibit T**: First Amended Complaint, *Bhotiwihok v. Fairlife, LLC*, No. 2:25-cv-01650-ODW (AGRx) (C.D. Cal. May 29, 2025).

- **Exhibit U**: Complaint, *Woolard v. Glad Prods. Co.*, No. 3:24-cv-00504-JO-BLM (S.D. Cal. Mar. 15, 2024).

- **Exhibit V**: First Amended Complaint, *Peterson v. The Glad Prods. Co.*, No. 3:23-cv-00491-TSH (N.D. Cal. Apr. 19, 2023).

- **Exhibit W**: Third Amended Complaint, *Last Beach Cleanup v. Stater Bros. Mkts.*, No. 22STCV18252 (L.A. Super. Ct. Mar. 15, 2024).

- **Exhibit X**: Second Amended Complaint, *Last Beach Cleanup v. Gelson's Mkts.*, No. 22STCV18216 (L.A. Super. Ct. June 28, 2023).

- **Exhibit Y**: Complaint, *State v. Novolex Holdings, LLC*, No. CGC-25-630237 (S.F. Super. Ct. Oct. 17, 2025).

- **Exhibit Z**: Complaint, *State v. Revolution Consumer Sols. (CA), LLC*, No. CGC-25-630238 (S.F. Super. Ct. Oct. 17, 2025).

- **Exhibit AA**: Complaint, *State v. Exxon Mobil Corp.*, No. CGC-24-618323 (S.F. Super. Ct. Sept. 23, 2024).

Court filings are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" and are therefore proper subjects of judicial notice under Federal Rule of Evidence 201. *McVey v. McVey,* 26 F. Supp. 3d 980, 984 (C.D. Cal. 2014); *see also United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

Accordingly, the Court should take judicial notice of **Exhibits C** and **J-AA**.

**IV.  Publicly Available Internet Websites**

Finally, the Court should take judicial notice of the following publicly available websites that are attached as **Exhibits H**, **BB-CC**, and **GG**.

- **Exhibit H** is a screenshot of the APR Design® Guide Overview webpage located on the Association of Plastic Recyclers internet website, available at https://plasticsrecycling.org/apr-design-hub/apr-design-guide-overview/ [last accessed April 23, 2026].
- **Exhibit BB** is a screenshot of the APR Design® Guide Changes – Change Log Tracking webpage, filtered to show only changes to "Design Guidance" in the "Source of Change" column, available at https://airtable.com/app19A4HepXgEibCY/shrAxsmEZPKlbTRZt?zeXZr=b%3AWzAsWyJHZHloeCIsNixbInNlbHFTdWlsVFRCajdzU215Il1dXQ&zeXZr%3Asort=eyJwZWxHZ2Q4SDViUktjSEdSTiI6eyJjb2x1bW5JZCI6ImZsZHNZclpwOWVCRUdkeWh4IiwiYXNjZW5kaW5nIjpmYWxzZX19 [last accessed April 23, 2026].
- **Exhibit CC**: Association of Plastic Recyclers, Sorting Potential Test Method: Evaluation of the Size Sorting Potential for Articles with at Least 2 Dimensions Less than 2 Inches (2024), available at https://plasticsrecycling.org/wp-content/uploads/2024/07/SORT-S-02-Size.pdf [last accessed April 23, 2026].
- **Exhibit GG** is a screenshot of the internet landing page of How2Recycle, available at https://how2recycle.info/ [last accessed April 23, 2026].

Plaintiffs seek judicial notice of the APR Design® Guide Overview webpage, **Exhibit H**, for the fact that the Association of Plastic Recyclers states that the APR Design® Guide is "open source," "dynamic," and that it "grows as the recycling system and packaging technologies evolve." Plaintiffs also seek judicial notice of the APR Design® Guide Overview webpage for the fact that the Association of Plastic Recyclers describes several recyclability categories for design features and whole packages. These statements "can be accurately and readily determined" by reference to the Association of Plastic Recyclers website, which is maintained by the Association of Plastic Recyclers and therefore cannot be reasonably questioned. The

REQUEST FOR JUDICIAL NOTICE                    26cv01675

statements on this webpage are relevant because they describe the APR Design® Guide, which is explicitly cited to in SB 343 as a metric of compliance with the statute.

Plaintiffs seek judicial notice of the APR Design® Guide Changes – Change Log Tracking webpage, **Exhibit BB**, for the fact that the Association of Plastic Recyclers states the dates on which different categories of the APR Design® Guide have been updated since 2024. These statements "can be accurately and readily determined" by reference to the Association of Plastic Recyclers APR Design® Guide, available at https://plasticsrecycling.org/apr-design-hub/apr-design-guide/pet-rigid/, and by clicking on "View the change log." This webpage is maintained by the Association of Plastic Recyclers and therefore cannot be reasonably questioned. The statements on this webpage are relevant because they indicate the date and frequency of changes to the APR Design® Guide, which is explicitly cited to in SB 343 as a metric of compliance with the statute regarding plastic packaging.

Plaintiffs seek judicial notice of the Sorting Potential Test Method, **Exhibit CC**, for the fact that this method for evaluating the size sorting potential of materials with at least two dimensions less than two inches exists as a standard to help determine the recyclability of a product. That this test method exists "can be accurately and readily determined" by reference to the Association of Plastic Recyclers website, which is maintained by the Association of Plastic Recyclers and therefore cannot be reasonably questioned. The test method is relevant because it provides a standard to gauge material recyclability, which is a necessary consideration to determine compliance with SB 343 depending on the material type.

Plaintiffs seek judicial notice of the How2Recycle website, **Exhibit GG**, for the fact that different standardized symbols and labels exist to communicate different recyclability claims. The existence of these symbols and labels "can be accurately and readily determined" by reference to the How2Recycle website, which is

REQUEST FOR JUDICIAL NOTICE                                    26cv01675

maintained by How2Recycle. As such, the content thereof cannot reasonably be questioned. The symbols and labels on this website are relevant because they communicate recyclability claims, which are the types of claims that are subject to regulation under SB 343.

Information on publicly available websites is a proper subject of judicial notice when the information is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1190-91 (S.D. Cal. 2024) (taking judicial notice of screenshots of a privacy policy, chat feature icon, and a chat feature prompt located on a private business's website); *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 n.5 (9th Cir. 2012) (taking judicial notice of statistics hosted on the National Football League's website where the accuracy was not in question); *see also Bodenburg v. Apple Inc.*, 146 F.4th 761, 768 n.2 (9th Cir. 2025) (taking judicial notice of screenshots of a webpage where accuracy was undisputed and the documents were relevant).

Accordingly, the Court should take judicial notice of **Exhibits H**, **BB-CC**, and **GG**.

[*Rest of page intentionally left blank.*]

REQUEST FOR JUDICIAL NOTICE                                  26cv01675

Dated: April 24, 2026

Respectfully submitted,

By: */s/ Trenton H. Norris*
Trenton H. Norris (CA Bar No. 164781)
Alexander Tablan (CA Bar No. 346309)
Andrew Muse-Fisher (CA Bar No. 364086)
HOGAN LOVELLS US LLP
Four Embarcadero Center, 35th Floor
San Francisco, CA 94111
Tel: (415) 374-2300
trent.norris@hoganlovells.com

*Attorneys for Plaintiffs*
California League of Food Producers
American Forest & Paper Association
California Apple Commission
California Blueberry Commission
California Grocers Association
California Restaurant Association
California Retailers Association
California Strawberry Commission
California Table Grape Commission
California Walnut Commission
Californians for Affordable Packaging
Consumer Brands Association
Dairy Institute of California
Flexible Packaging Association
Grower Shipper Association of Central California
Olive Oil Commission of California
Personal Care Products Council
Pet Food Institute
Print Creative Alliance
SNAC International
Western Growers Association

- 11 -