UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CALIFORNIA LEAGUE OF FOOD PRODUCERS; AMERICAN FOREST & PAPER ASSOCIATION; CALIFORNIA APPLE COMMISSION; CALIFORNIA BLUEBERRY COMMISSION; CALIFORNIA GROCERS ASSOCIATION; CALIFORNIA RESTAURANT ASSOCIATION; CALIFORNIA STRAWBERRY COMMISSION; CALIFORNIA TABLE GRAPE COMMISSION; CALIFORNIA WALNUT COMMISSION; CALIFORNIANS FOR AFFORDABLE PACKAGING; DAIRY INSTITUTE OF CALIFORNIA; FLEXIBLE PACKAGING ASSOCIATION; GROWER SHIPPER ASSOCIATION OF CENTRAL CALIFORNIA; OLIVE OIL COMMISSION OF CALIFORNIA; PET FOOD INSTITUTE; PRINT CREATIVE ALLIANCE; SNAC INTERNATIONAL; WESTERN GROWERS ASSOCIATION; CONSUMER BRANDS ASSOCIATION; PERSONAL CARE PRODUCTS COUNCIL; and CALIFORNIA RETAILERS ASSOCIATION,

Plaintiffs,

v.

ROB BONTA, In His Official Capacity as Attorney General of the State of California,

Defendant.

Case No.: 3:26-cv-01675-WQH-JAC

**ORDER**

HAYES, Judge:

The matter before the Court is the Motion to Intervene filed by Earth Island Institute and Californians Against Waste (together, "Proposed Intervenors"). (ECF No. 25.)

**I. BACKGROUND**

On March 17, 2026, Plaintiffs California League of Food Producers, American Forest & Paper Association, California Apple Commission, California Blueberry Commission, California Grocers Association, California Restaurant Association, California Retailers Association, California Strawberry Commission, California Table Grape Commission, California Walnut Commission, Californians for Affordable Packaging, Consumer Brands Association, Dairy Institute of California, Flexible Packaging Association, Grower Shipper Association of Central California, Olive Oil Commission of California, Personal Care Products Council, Pet Food Institute, Print Creative Alliance, SNAC International, and Western Growers Association (collectively, "Plaintiffs") initiated this action by filing a Complaint against Defendant Rob Bonta ("Defendant"). (ECF No. 1.)[1]

On April 7, 2026, Plaintiffs filed a First Amended Complaint for Declaratory and Injunctive Relief ("FAC"). (ECF No. 7.) Plaintiffs challenge the constitutionality of a California bill ("SB 343") amending portions of the California Business and Professions Code and the California Public Resources Code to regulate the circumstances under which businesses may make recyclability claims related to their products and packaging. *Id.* ¶ 4.

On April 24, 2026, Plaintiffs filed a Motion for Preliminary Injunction. (ECF No. 14.) On May 18, 2026, Defendant filed an Opposition. (ECF No. 16.) On May 26, 2026, Plaintiffs filed a Reply. (ECF No. 18.)

---

[1] Plaintiffs are trade associations representing members of the food packaging industry. (ECF No. 1 ¶¶ 21–41.)

On July 17, 2026, the Court issued an Order granting the Motion for Preliminary Injunction and enjoining Defendant—and all those in privity or acting in concert with him—from enforcing SB 343 until further order of the Court. (ECF No. 24 at 66–67.)

On July 27, 2026, Proposed Intervenors filed the pending Motion to Intervene as Defendants in this action. (ECF No. 25.)

On August 13, 2026, Defendant filed an Answer to the FAC. (ECF No. 26.)

On August 17, 2026, Plaintiffs filed an Opposition to the Motion to Intervene. (ECF No. 28.) On August 24, 2026, Proposed Intervenors filed a Reply. (ECF No. 30.)

## II. CONTENTIONS

Proposed Intervenors Earth Island Institute ("EII") and Californians Against Waste ("CAW") describe themselves as California non-profit organizations that "have long worked to advance recycling." (ECF No. 25-1 at 5–9.) Proposed Intervenors state that EII "has a long track record of litigation to oppose 'greenwashing' and misleading statements of recyclability." *Id.* at 6. EII seeks to intervene both in its own name and "on behalf of its fiscally sponsored project, Plastic Pollution Coalition," which is a "non-profit communications and advocacy organization that seeks to create a more just, equitable, regenerative world free of plastic pollution." (ECF No. 25-1 at 6.) Proposed Intervenors state that CAW "works on solutions to pollution and conservation problems that threaten the public health and the environment," and has sponsored or otherwise assisted the passage of environmental legislation for nearly fifty years. *Id.* at 6–7.

Proposed Intervenors state that they co-sponsored SB 343, supported its passage through direct lobbying efforts and public communications, and have been involved in its implementation. *Id.* at 6–8. Proposed Intervenors state that they have "decades of experience with California's waste management system" and are well-situated to address the factual issues discussed in the Court's Order granting the preliminary injunction in this action. *Id.*

Proposed Intervenors contend that this litigation "seeks to undo the progress [SB 343] makes, leaving California mired in harmful waste and incapable of meeting its goals

for recycling." *Id.* at 5. Proposed Intervenors contend that they are entitled to intervene in this action as of right because they bring a timely motion to protect their own interests, which are not adequately represented by the parties in this action. *Id.* at 12–20. Proposed Intervenors contend that, if the Court does not grant intervention as of right, it should grant them permissive intervention. *Id.* at 20–21. Proposed Intervenors submit a Proposed Answer in support of their motion. (ECF No. 25-5.)

Plaintiffs respond that Defendant adequately represents Proposed Intervenors' interests. (ECF No. 28 at 8–20.) Plaintiffs also contend that Proposed Intervenors' motion is untimely because they were aware, or should have been aware, of Defendant's purportedly inadequate representation of their interests from the outset of litigation. *Id.* at 20–24. Plaintiffs contend that, even if "the Court were persuaded that [Proposed Intervenors] could offer anything of value to this case," the "appropriate vehicle for their participation would be as amici." *Id.* at 27–28. Plaintiffs request that any intervention be subject to "strict conditions . . . to prevent [Proposed Intervenors] from controlling [case] progress, sidetracking the case, pursuing their parochial interests, and diverting the attention of the Court." *Id.* at 28–30.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention as of right and permissive intervention. *See* Fed. R. Civ. P. 24.

Rule 24(a) provides that "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Intervention as of right requires that: "(1) the application for intervention must be timely; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the transaction; (3) the applicant must be so situated that disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must

be inadequately represented by the existing parties in the lawsuit." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (citation and quotation omitted), *as amended on denial of reh'g* (May 30, 1996); *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011).

An intervenor "bears the burden of showing that each of the four elements is met." *Freedom from Religion*, 644 F.3d at 841 (citing *Prete v. Bradbury,* 438 F.3d 949, 954 (9th Cir. 2006)). "In evaluating whether these requirements are met, courts 'are guided primarily by practical and equitable considerations.'" *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). "Further, courts generally 'construe [Rule 24(a)] broadly in favor of proposed Intervenors.'" *Id.* (quoting *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992)).

Rule 24(b), in the alternative, provides that "the court *may* permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1) (emphasis added). Permissive intervention under Rule 24(b) is "committed to the broad discretion of the district court." *Orange Cnty. v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986).

## IV. DISCUSSION

### A. Intervention as of Right

#### *1. Timeliness*

"Timeliness is the threshold requirement for intervention." *United States v. State of Oregon*, 913 F.2d 576, 588 (9th Cir. 1990). Courts "consider three criteria to evaluate timeliness: the stage of the proceeding, prejudice to other parties, and the reason for and length of the delay." *Id.* The Ninth Circuit states that courts must be "mindful of the balance of policies underlying intervention": premature intervention should be discouraged to avoid squandering judicial resources and "hasty intervention" is not required, but timeliness should nevertheless be used to "guard against prejudicing the original parties by

the failure to apply sooner." *Kalbers v. United States Dep't of Just.*, 22 F.4th 816, 823 (9th Cir. 2021) (quotations and citations omitted).

This litigation remains at an early stage. Plaintiffs initiated this action less than six months ago, on March 17, 2026. (ECF No. 1.) Proposed Intervenors filed their pending motion approximately two weeks after the Court's issuance of a preliminary injunction on July 14, 2026. (ECF Nos. 24, 25.) At the time that Proposed Intervenors filed the pending motion, Defendant had yet to file his Answer. (ECF No. 26 (filed on August 13, 2026).) The early stage of these proceedings weighs in favor of finding Proposed Intervenors' motion timely. *Sierra Club v. E.P.A.*, 995 F.2d 1478 (9th Cir. 1993) (holding that the district court did not abuse its discretion in determining that the intervenor's application, which was made before the governmental defendant had "filed its answer," was timely), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011); *see also San Diego Cnty. Lodging Ass'n v. City of San Diego*, No. 20-CV-2151-WQH-MDD, 2021 WL 1733383, at *1 (S.D. Cal. May 3, 2021) (granting a motion to intervene after the filing of a motion to dismiss and a motion for summary judgment).

Prejudice is the "most important consideration in deciding whether a motion for intervention is untimely." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016) (quotation omitted). "[T]he only 'prejudice' that is relevant under this factor is that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented—and not from the fact that including another party in the case might make resolution more 'difficult.'" *Id.* (quoting *United States v. State of Or.*, 745 F.2d 550, 552–53 (9th Cir. 1984)). Here, the record does not indicate that Proposed Intervenors failed to timely move for intervention after being aware that that their interests would be not adequately represented, nor that adding Proposed Intervenors to this action would make resolution more difficult or less likely. *See Brown v. Google LLC*, 172 F.4th 1128, 1135 (9th Cir. 2026) (holding that the prejudice factor weighed against granting the proposed intervenors'

motion because they "effectively want[ed] to unravel the settlement agreement that had been negotiated" between the named parties).

The "length of delay" relevant to the timeliness analysis is measured from "when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Here, Proposed Intervenors contend that they "learned that the existing Defendant might not adequately represent their interests on May 18, 2026, when Defendant filed its Opposition to Plaintiffs' Motion for a Preliminary Injunction" and "became more fully aware of the extent to which the State might not adequately represent their interests" at the motion hearing on June 3, 2026. (ECF No. 25-1 at 15.) Proposed Intervenors filed the instant motion approximately two months after Defendant filed his opposition to Plaintiffs' motion for preliminary injunction. Especially considering the foregoing factors, which weigh in favor of finding timely intervention, this period of delay does not support denying Proposed Intervenors' motion. *Compare Los Angeles Unified Sch. Dist.*, 830 F.3d at 861 (finding that "delays of 71 and 79 days" did not establish untimeliness and stating that the Ninth Circuit has "found motions to be timely even in the face of *longer* delays") *with Nat'l Urb. League v. Ross*, No. 20-CV-05799-LHK, 2020 WL 6290353, at *3 (N.D. Cal. Oct. 26, 2020) (finding that proposed intervention "a day after the preliminary injunction hearing" was untimely because, in part, "the parties and several amici including 22 other states had entered over 300 filings on the docket") (parentheses and emphasis omitted).

Accordingly, the Court finds Proposed Intervenors' motion timely.

*2. Significant Protectable Interest and Ability to Protect that Interest*

"Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a practical, threshold inquiry, and no specific legal or equitable interest need be established." *Nw. Forest Res. Council*, 82 F.3d at 837 (quotation omitted). "To demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and that there is a relationship between the legally protected

interest and the claims at issue." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

Proposed Intervenors contend that they have an "interest in increasing recycling, for instance through motivating companies to make their products recyclable and prohibiting greenwashing." (ECF No. 25-1 at 16.) Proposed Intervenors emphasize their specific involvement in the passage of SB 343. *Id.* Plaintiffs do not raise any contentions with respect to Proposed Intervenors' interest in this action. (ECF No. 28 at 8–24.)

Based on Proposed Intervenors' longtime advocacy regarding recyclability and, more importantly, their involvement in the drafting, stewardship, and passage of SB 343, the Court determines that Proposed Intervenors have a significant protectable interest in the status of SB 343 and the recycling issues that the bill is purportedly designed to alleviate. *Wash. State Bldg. & Const. Trades Council, AFL-CIO v. Spellman*, 684 F.2d 627, 629–30 (9th Cir. 1982) (reversing the denial of a motion to intervene by a "public interest group which had sponsored the challenged initiative legislation"). The Ninth Circuit has reached similar conclusions with respect to proposed intervenors' motions in other cases concerning environmental harm. *See United States v. Carpenter*, 526 F.3d 1237, 1240 (9th Cir. 2008) (finding that proposed intervenors were "entitled to intervene because they had the requisite interest in seeing that the wilderness area be preserved for the use and enjoyment of their members"); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) ("An adverse decision in this suit would impair the society's interest in the preservation of birds and their habitats.").

The Court also finds that the disposition of this action may impair or impede Proposed Intervenors' ability to protect their interest. *See California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006) ("Having found that appellants have a significant protectable interest, we have little difficulty concluding that the disposition of this case may, as a practical matter, affect it.")

Accordingly, the Court finds that Proposed Intervenors have a significant protectable interest in this action and that disposing of this action without their intervention may impair or impede their ability to protect that interest.

*3. Inadequate Representation by Existing Parties*

Courts consider three factors in determining the adequacy of representation by existing parties:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citation omitted). "The most important factor in determining the adequacy of representation is how the interest [of the proposed intervenor] compares with the interests of existing parties." *Id.* (citing 7C Wright, Miller & Kane, § 1909, at 318 (1986)). The Supreme Court has stated, in a footnote, that the adequacy requirement of Rule 24(a) is "satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (citation omitted).

"Normally, a presumption of adequate representation generally arises when the representative is a governmental body or officer charged by law with representing the interests of the absentee." *City of Los Angeles*, 288 F.3d at 401 (citation and quotation omitted). In *Freedom from Religion*, for example, the Ninth Circuit adopted a "presumption of adequacy" upon review of a proposed intervenor's motion in an action filed against the Secretary of the United States Treasury, the Commissioner of the Internal Revenue Service, and the Executive Officer of the California Franchise Tax Board regarding whether a "parsonage exemption" to income tax requirements violated the Establishment Clause. 644 F.3d at 840–41. The Ninth Circuit explained that the proposed intervenor and government

defendants shared the same objective: "to uphold the constitutionality of the challenged statutes." *Id.* at 841.

"Such [a] presumption [of adequate representation] can be rebutted only by 'a compelling showing to the contrary.'" *Id.* (quoting *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 951 (9th Cir. 2009)); *see The Pers. Care Prods. Council v. Bonta*, No. 2:23-CV-01006-TLN-JDP, 2024 WL 3011001, at *5 (E.D. Cal. June 12, 2024) (finding that the proposed intervenor and the California Attorney General shared "identical interests" in upholding the constitutionality of the law at issue and evaluating whether the proposed intervenor made a "compelling showing of inadequate representation").

Here, the parties do not dispute that Proposed Intervenors and Defendant share the same objective: defending the constitutionality of SB 343. (ECF No. 25-1 at 17; ECF No. 28 at 9–10.) Proposed Intervenors contend, however, that they "overcome any presumption of adequate representation" for three reasons: "their interests diverge from Defendant's, the Attorney General will not raise all of their contentions, and the groups offer necessary expertise to the proceedings that other parties lack." (ECF No. 25-1 at 17.)

*i. Divergent Interests*

Proposed Intervenors contend that their "dedicated environmental focus is narrower than [California's] broader range of public policy considerations," including "private-sector concerns regarding the costs of compliance with the law as well as with ease of administration." *Id.* at 18–19. Plaintiffs respond that Ninth Circuit precedent forecloses the position that a state's "broader interests" may overcome the presumption of adequate representation, and that Proposed Intervenors fail to identify specific interests—other than the most "generalized obligation[s] held by most state entities"—that diverge between them and Defendant. (ECF No. 28 at 11–14.)

The Ninth Circuit has recognized that, in some circumstances, the government's interests may diverge from a proposed intervenor's interests despite a shared objective in the litigation. In *Forest Conservation Council v. U.S. Forest Service*, for example, the Ninth Circuit held than the proposed intervenors—a state and municipality—had an

interest regarding "whether all forest management activities" should be enjoined pending compliance, whereas the federal defendant was "not charged with a duty to represent th[o]se asserted interests in defending against the issuance of an injunction." 66 F.3d 1489, 1499 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).

Here, however, Proposed Intervenors fail to identify a specific difference between their interests and California's interests in defending the constitutionality of SB 343 that is sufficient to rebut the presumption of adequate representation. Proposed Intervenors contend that they have an interest in SB 343 "being implemented in as robust a manner as necessary to encourage companies to make their products recyclable," and suggest that Defendant may accept less robust enforcement because of his other interests in reducing compliance costs and facilitating administration of the law. (ECF No. 25-1 at 18.) This difference alone does not satisfy the Ninth Circuit's "heightened threshold" to demonstrate inadequacy of representation for a government defendant. *See Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020) (holding that the proposed intervenors' "narrower interest" in "health, safety and environmental protections" compared to the municipality's "broader concerns," including "finances," did not "rebut[] the presumption of adequacy").

*ii. Unraised Contentions*

Proposed Intervenors contend that they will "raise different points than the Attorney General." (ECF No. 25-1 at 18.) Specifically, Proposed Intervenors contend that Defendant's "conce[ssion] at the preliminary injunction hearing that it was unclear whether S.B. 343 would increase or decrease the volume of materials going to landfills" fails to reflect "that there is a difference between reduction of the amount of items consumers place into blue bins and the volume of and rate at which materials are actually recycled." *Id.* at 19; *see also* Declaration of Nick Lapis, ECF No 25-4 at 5 (adopting a different position than Defendant in response to the Court's question regarding the expected effects of SB 343 on the total volume of materials sent to landfills in California). Proposed Intervenors

contend that "[t]his issue demonstrates a misunderstanding of one of the core features of S.B. 343, which is to reduce contamination." (ECF No. 25-1 at 19.) Proposed Intervenors contend that they also differ from Defendant in their interpretation of "the provision of S.B. 343 that prohibits the use of pigments and the like 'that prevent the recyclability of the product or packaging.'" *Id.* (citing Cal. Pub. Res. Code § 42355.51(d)(3)(B) (the "ensure/prevent" provision)). Proposed Intervenors also identify legal arguments that Defendants did not raise at the preliminary injunction stage. *Id.* at 19–20. Plaintiffs respond that Proposed Intervenors' contentions represent only a difference in litigation strategy, which is insufficient to justify intervention as of right. (ECF No. 28 at 14–17.)

"Where parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention." *Arakaki*, 324 F.3d at 1086. The Ninth Circuit has recognized that differences between proposed intervenors and parties may "represent[] more than a mere difference in litigation strategy, which might not normally justify intervention, but rather demonstrate[] the fundamentally differing points of view." *Citizens for Balanced Use*, 647 F.3d at 899. In *Citizens for Balanced Use*, the court held that the proposed intervenors sought to secure "the broadest possible restrictions on recreational uses in the [region] to protect [their] interest in [the region's] wilderness character," whereas the named party had "made clear" that "much narrower restrictions would suffice to comply with its statutory mandate" to preserve the region's "wilderness character." *Id.*

Here, Proposed Intervenors identify specific and material differences in their interpretation of SB 343, the effects of SB 343's enforcement, and contentions that may properly be raised in this action. The limited proceedings before this Court, however, do not clearly indicate that Defendant will fail to raise those contentions. At this early stage, the differences between Proposed Intervenors' and Defendant's contentions in defense of the constitutionality of SB 343 more likely represent a divergence in litigation strategy rather than an indication that Defendant is incapable of adequately representing Proposed Intervenors' interests throughout this litigation.

*iii. Necessary Expertise*

Proposed Intervenors contend that they "bring relevant expertise that is otherwise lacking from this case, including technical background, policy experience, and an extensive litigation history in plastics and greenwashing" that will help the Court "assess the overall picture of recycling in California." (ECF No. 25-1 at 20.) Plaintiffs respond that Proposed Intervenors fail to show that Defendant lacks and cannot obtain specialized knowledge related to recycling in California. (ECF No. 28 at 17–19.) Plaintiffs also contend that Defendant has "extensive experience litigating plastics and greenwashing." *Id.* at 19–20.

In reversing a district court's denial of a motion to intervene, the Ninth Circuit has described the value of a proposed intervenor's "expertise" and "perspective" that "differs materially from that of the present parties to this litigation." *Sagebrush*, 713 F.2d at 528. In subsequent opinions, however, the court has closely scrutinized whether a proposed intervenor's proffered knowledge can or cannot be obtained by the named parties: for example, in *Prete v. Bradbury*, the Ninth Circuit explained that Proposed Intervenors in an action regarding paid signature-gathering for ballot initiatives had "provided no evidence to support their speculation that the [Oregon] Secretary of State lack[ed] comparable expertise" in the subject area. 438 F.3d 949, 958 (9th Cir. 2006); *see also League of United Latin Am. Citizens v. Wilson* ("*LULAC*"), 131 F.3d 1297, 1307 (9th Cir. 1997) (requiring more than speculation to establish inadequacy of representation).

Here, Proposed Intervenors identify a substantial amount of relevant experience that might assist the Court in these proceedings. They do not, however, offer an explanation or provide evidence to suggest that Defendant is incapable of obtaining the same or similar expertise in defense of the constitutionality of SB 343. Proposed Intervenors' technical and legal expertise does not provide a sufficient basis to merit intervention as of right in this action.

Having found that Proposed Intervenors do not rebut the presumption of adequate representation by the government Defendant, the Court denies their motion to intervene as of right.

**B. Permissive Intervention**

"Where a party may not intervene as a matter of right, the trial court may consider whether permissive intervention is appropriate." *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977). The Ninth Circuit states that a "district court's discretion" regarding permissive intervention is "broad." *Id.*

Permissive intervention, pursuant to Rule 24(b), may be granted "where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *City of Los Angeles*, 288 F.3d at 403–04 (citation omitted). If the "initial conditions for permissive intervention" are satisfied, a court may "consider other factors in making its discretionary decision," including:

> the nature and extent of the proposed intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the proposed intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler*, 552 F.2d at 1329 (citations omitted).

The Court has determined that Proposed Intervenors' motion is timely. Proposed Intervenors' Proposed Answer in support of the constitutionality of SB 343 makes clear that their proposed defense shares substantial questions of law and fact with the named parties. (ECF No. 25-5.) The remaining threshold requirement—the independent ground for jurisdiction—does not preclude the Court from granting permissive intervention in this action.

The Ninth Circuit explains that the jurisdictional requirement "stems [] from our concern that intervention might be used to enlarge inappropriately the jurisdiction of the district courts." *Freedom from Religion*, 644 F.3d at 843. The Ninth Circuit states:

> This concern manifests itself most concretely in diversity cases where proposed intervenors seek to use permissive intervention to gain a federal forum for state-law claims over which the district court would not, otherwise, have jurisdiction. . . .
>
> But in federal-question cases, the identity of the parties is irrelevant and the district court's jurisdiction is grounded in the federal question(s) raised by the plaintiff. The jurisdictional requirement, therefore, prevents the enlargement of federal jurisdiction in such cases only where a proposed intervenor seeks to bring new state-law claims. Where the proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away.

*Id.* at 843–44 (citations omitted). Here, Plaintiffs assert federal claims regarding the constitutionality of SB 343 and the Court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Proposed Intervenors do not attempt to bring "new state-law claims" and, as a result, "the jurisdictional concern drops away." *Id.*

The Court has concluded that Proposed Intervenors' interests are adequately represented by Defendant, who shares a strong interest in defending the constitutionality of SB 343. This counsels against permissive intervention. *See Spangler*, 552 F.2d at 1329; *Ross*, 2020 WL 6290353 at *4 (denying permissive intervention because the government defendant adequately represented the proposed intervenors' interests); *cf. Hawaii v. Stone*, 830 F. App'x 964, 965 (9th Cir. 2020) (holding that a district court did not abuse its discretion by denying permissive intervention "[f]or the same reasons" that it denied intervention as of right). Plaintiffs assert that "[a]dding two new defendants would predictably entail additional briefing, coordination, and motion practice," and "[w]ith all the privileges of having party status, Applicants would be entitled to use every lever of discovery, allowing them to drag hundreds of Plaintiffs' members through fishing expeditions in hopes of finding something to use for future 'anti-greenwashing' litigation." (ECF No. 28 at 26.) Proposed Intervenors respond that any delay "would be against Proposed Intervenors' interests given that a preliminary injunction is in place blocking the statute they seek to defend," and "[r]ather than assume the worst, the Court should assume that counsel will engage in appropriate conduct." (ECF No. 30 at 9, 10.) While the Court

has no basis to find that any counsel in this matter would engage in inappropriate conduct, the Court finds at this stage of the proceedings that adding additional parties to the litigation would risk "unduly complicat[ing] the issues in this litigation and potentially prolong[ing] the lawsuit." *United States v. Ballantyne*, No. 13cv53-BTM-BLM, 2013 WL 4716234, at *5 (S.D. Cal. Sept. 3, 2013). At this stage in the proceedings, the Court finds that permissive intervention is unwarranted.

Based on Proposed Intervenors' relevant expertise and their continued support for SB 343 during the legislative process, however, the Court finds reason to permit EII and CAW to file amicus briefs at appropriate stages during these proceedings. *See Ross*, 2020 WL 6290353 at *4 (allowing the same); *Personal Care Products Council*, 2024 WL 3011001 at *6 (holding that, "because the Court has already found that [the proposed intervenor] and Defendant [Attorney General] have the same interests, it is unlikely that [the intervenor] would significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented," but concluding that the proposed intervenor "may contribute to the resolution of this case by way of an amicus brief"); *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) ("Where he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention.") (quotation omitted).

## V. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Intervene (ECF No. 25) is denied. Earth Island Institute and Californians Against Waste may request leave to file a joint amicus brief at appropriate stages of this action.

Dated: 9/28/2026

William Q. Hayes

Hon. William Q. Hayes
United States District Court