Trenton H. Norris (CA Bar No. 164781)
trent.norris@hlc.com
Alexander Tablan (CA Bar No. 346309)
alexander.tablan@hlc.com
Andrew Muse-Fisher (CA Bar No. 364086)
andrew.muse-fisher@hlc.com
HOGAN LOVELLS CADWALADER US LLP
Four Embarcadero Center, 35th Floor
San Francisco, CA 94111-4024
Telephone: 415.374.2300
Facsimile: 415.374.2499

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CALIFORNIA LEAGUE OF FOOD PRODUCERS, et al.,

Plaintiffs,

v.

ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA; ZOE HELLER, IN HER OFFICIAL CAPACITY AS DIRECTOR OF THE CALIFORNIA DEPARTMENT OF RESOURCES RECYCLING AND RECOVERY; and TRISTA GONZALEZ, IN HER OFFICIAL CAPACITY AS DIRECTOR OF THE CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION,

Defendants.

Case No. 3:26-cv-01675-WQH-BLM

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Judge: Hon. William Q. Hayes
Action Filed: March 17, 2026
Trial Date: Not Set
Hearing: November 9, 2026

**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

# TABLE OF CONTENTS


I. INTRODUCTION .... 2

II. PROCEDURAL BACKGROUND .... 4

III. LEGAL STANDARD .... 5

IV. ARGUMENT .... 6

- A. This Motion Is Timely .... 7
- B. This Motion Is Made in Good Faith .... 10
- C. Plaintiffs Have Not Failed to Cure Any Deficiencies in Previous Amendments .... 10
- D. Granting Leave to Amend Will Not Prejudice Defendants .... 11
- E. Amendment Is Not Futile .... 15

V. CONCLUSION .... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
465 F.3d 946 (9th Cir. 2006) ........ 7

*Bonin v. Calderon*,
59 F.3d 815 (9th Cir. 1995) ........ 10

*Bowles v. Reade*,
198 F.3d 752 (9th Cir. 1999) ........ 7

*Burrola v. U.S. Sec. Assocs., Inc.*,
No. 3:18-cv-00594-BEN-JLB, 2019 WL 482491 (S.D. Cal. Feb. 7, 2019) ........ 11

*Calderon v. Tulare Reg'l Med. Ctr.*,
No. 1:17-CV-0040-BAM, 2018 WL 4473626 (E.D. Cal. Sep. 17, 2018) ........ 11

*Castro v. City of Union City*,
No. 14-CV-00272-MEJ, 2015 WL 3799521 (N.D. Cal. June 18, 2015) ........ 14

*Clarke v. Upton*,
703 F. Supp. 2d 1037 (E.D. Cal. 2010) ........ 16

*DCD Programs, Ltd. v. Leighton*,
833 F.2d 183 (9th Cir. 1987) ........ *passim*

*E. W. Bank v. Shanker*,
No. 20-CV-07364-WHO, 2021 WL 1893062 (N.D. Cal. May 11, 2021) ........ 9

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ........ 5, 15

*Foman v. Davis*,
371 U.S. 178 (1962) ........ 5, 6, 16

*Foster v. Digital Safety Prods., LLC*,
No. 3:25-CV-01782-H-KSC, 2025 WL 3064696 (S.D. Cal. Nov. 3, 2025) ........ 16

*Gomez v. Gonzalez*,
No. 3:23-CV-02026-WQH-DDL, 2025 WL 2638532 (S.D. Cal. Sep. 12, 2025) ........ 11

*Holm v. Acima Credit Digital, LLC*,
No. 3:24-CV-02345-GPC-DTF, 2025 WL 951273 (S.D. Cal. Mar. 27, 2025) ........ 16

*Hoot Winc, L.L.C. v. RSM McGladrey Fin. Process Outsourcing, LLC*,
No. 08CV1559, 2009 WL 10671904, (S.D. Cal. Jan. 21, 2009) ........ 9

*Jensen v. Brown*,
131 F.4th 677 (9th Cir. 2025) ........ 5

*Missouri ex rel. Koster v. Harris*,
847 F.3d 646 (9th Cir. 2017) ........ 16

*Moore v. Kayport Package Exp., Inc.*,
885 F.2d 531 (9th Cir. 1989) ........ 5

*Morongo Band of Mission Indians v. Rose*,
893 F.2d 1074 (9th Cir. 1990) ........ 12

*Nat. Res. Def. Council v. Dep't of Res. Recycling & Recovery*,
No. TC26-1741 (Cal. Super. Ct. S.F. Cnty. filed June 25, 2026) ........ 6

*Nebraska v. Heller*,
No. 2:26-cv-02214-DC-CKD (E.D. Cal. filed June 22, 2026) ........ 6

*Orona v. Patagonia, Inc.*,
No. 25CV0140-LL-AHG, 2026 WL 2080521 (S.D. Cal. July 17, 2026) ........ 9

*Richardson v. United States*,
841 F.2d 993 (9th Cir.), *amended*, 860 F.2d 357 (9th Cir. 1988) ........ 10

*SAES Getters S.p.A. v. Aeronex, Inc.*,
219 F. Supp. 2d 1081 (S.D. Cal. 2002) ........ 16

*San Luis & Delta-Mendota Water Authority v. U.S. Department of Interior*, 236 F.R.D. 491 (E.D. Cal. 2006) .......... 8

*Sharp Mem'l Hosp. v. Medi-Excel, S.A. De C.V.*, No. 24-CV-00511-WQH-JLB, 2026 WL 684655 (S.D. Cal. Mar. 10, 2026) (Hayes, J.) .......... 8

*Sonos, Inc. v. Google LLC*, No. 2:20-CV-00169-JAK, 2025 WL 2087760 (C.D. Cal. July 15, 2025) .......... 13

*Upper Missouri Waterkeeper v. EPA*, No. CV-16-52-GF-BMM, 2018 WL 11418417 (D. Mont. Feb. 2, 2018) .......... 8

*United States ex rel. Jackson v. Metal Improvement Co.*, No. CV 12-1755-MWF (CWX), 2018 WL 5905593 (C.D. Cal. June 22, 2018) .......... 9

*Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645 (W.D. Wash. 2015) .......... 7

*Yu v. Southland Taste Rest. Inc.*, No. C 07-2274PVT, 2007 WL 3306631 (N.D. Cal. Nov. 6, 2007) .......... 11

**Statutes**

42 U.S.C. § 1983 .......... 2, 3

**Other Authorities**

Fed. R. Civ. Proc. 15(a) .......... *passim*

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on November 9, 2026, or as soon thereafter as counsel may be heard in the above-titled Court, located in the United States Courthouse at 333 West Broadway, San Diego, California 92101, before the Honorable William Q. Hayes, Plaintiffs in the above-captioned action ("Plaintiffs"), pursuant to Rule 15(a)(2), Federal Rules of Civil Procedure, will and hereby do move the Court for leave to file a Second Amended Complaint to assert related claims for violations of the First and Fourteenth Amendments, and for equitable relief. California Attorney General Rob Bonta, Department of Resources Recycling and Recovery Director Zoe Heller, and California Department of Tax and Fee Administration Director Trista Gonzalez are named in their official capacities as defendants.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings on file in this action, the arguments of counsel, and all other materials that may properly come before the Court at or before the hearing on this Motion, which may be presented prior to or at the hearing of this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case challenges California Senate Bill 343, a law that changes the definition of the word "recyclable." Stats. 2021, Ch. 507 ("SB 343"). Plaintiffs allege that SB 343 is an unconstitutional restriction of commercial speech under the First Amendment and void for vagueness under the Due Process Clause of the Fourteenth Amendment. The ambiguities and constitutional infirmities that plague SB 343 have now infected another statute: California Senate Bill 54, Stats. 2022, Ch. 75 ("SB 54"). Plaintiffs therefore move to add claims that challenge provisions of SB 54 that redefine the word "recyclable," create opaque product and packaging design requirements, and place corresponding compliance and financial obligations on businesses. In summary, Plaintiffs' proposed Second Amended Complaint includes the following amendments:

1. Plaintiffs add a claim under 42 U.S.C. § 1983 that provisions of SB 54, which require that certain products and packaging be "recyclable," are unconstitutionally vague under the Due Process Clause of the Fourteenth Amendment;
2. Plaintiffs add a claim under 42 U.S.C. § 1983 that provisions of SB 54, which require that certain products and packaging be recycled at incrementally increasing rates, are unconstitutionally vague under the Due Process Clause of the Fourteenth Amendment;
3. Plaintiffs add a claim under 42 U.S.C. § 1983 that provisions of SB 54, which fail to adequately define "Covered Material Categories," are unconstitutionally vague under the Due Process Clause of the Fourteenth Amendment;
4. Plaintiffs add a claim under 42 U.S.C. § 1983 that provisions of SB 54, which require that businesses source reduce products and packaging according to what is "nonrecyclable" and "less likely to be recycled," are

unconstitutionally vague under the Due Process Clause of the Fourteenth Amendment;

5. Plaintiffs add two claims under 42 U.S.C. § 1983 that provisions of SB 54, which regulate whether products and packaging are "recyclable" or recycled at a specified rate, deprive Plaintiffs and their members of property without due process in violation of the Fourteenth Amendment;
6. Plaintiffs add a claim under 42 U.S.C. § 1983 that a provision of SB 54, which regulates how fees related to SB 54 may be communicated to consumers on receipts or invoices, is an unconstitutional restriction of speech under the First Amendment;
7. Plaintiffs add two claims under 42 U.S.C. § 1983 that provisions of SB 54 that place disproportionate financial obligations on producers violate the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment;
8. Plaintiffs add a claim under 42 U.S.C. § 1983 that provisions of SB 54 that subject producers to eco-modulated fees set by a private entity without sufficient government review violate the Due Process Clause of the Fourteenth Amendment;
9. Plaintiffs add prayers for relief consistent with these claims as well as a prayer for equitable relief from the funding obligations of SB 54 in light of the substantial uncertainty over its implementation;
10. Plaintiffs add Zoe Heller in her official capacity as Director of the California Department of Resources Recycling and Recovery as a defendant with respect to the new claims concerning SB 54 only;
11. Plaintiffs add Trista Gonzalez in her official capacity as Director of the California Department of Tax and Fee Administration with respect to claims challenging the financial obligations of SB 54 only;
12. Plaintiffs add factual and legal background in support of the newly added

claims concerning SB 54.

In accordance with the liberal amendment policy reflected in Federal Rule of Civil Procedure 15, Plaintiffs respectfully request that the Court grant leave to file and serve a Second Amended Complaint ("Second Amended Complaint" or "SAC"), attached hereto as Exhibit 1. A redlined version comparing the First Amended Complaint to the proposed Second Amended Complaint is attached to this Motion as Exhibit 2.

## II. PROCEDURAL BACKGROUND

Plaintiffs initiated this action against Rob Bonta in his official capacity as Attorney General of California on March 17, 2026 (ECF No. 1) to challenge the definition of "recyclable" set out in SB 343. On April 7, 2026, Plaintiffs filed the First Amended Complaint as a matter of course pursuant to Rule 15(a)(1), Federal Rules of Civil Procedure (ECF No. 7). The First Amended Complaint identified three additional plaintiffs and made minor, non-substantive changes. On April 24, 2026, Plaintiffs filed a Motion for Preliminary Injunction (ECF No. 14). Defendant responded in opposition on May 18, 2026 (ECF No. 16), and Plaintiffs filed a reply in support of the motion on May 26, 2026 (ECF No. 18). The Court heard oral argument on the motion on June 3, 2026.

On July 14, 2026, the Court issued an order granting the Motion for Preliminary Injunction (ECF No. 24). The Court found that four provisions of SB 343 are likely void for vagueness. The Court further found that the speech restrictions of SB 343 are likely facially unconstitutional under the First Amendment.

On July 27, 2026, Earth Island Institute and Californians Against Waste ("Applicants") filed a Motion to Intervene in this matter (ECF No. 25). Plaintiffs filed a response in opposition to the motion on August 17, 2026 (ECF No. 28). Applicants filed a reply in support of the motion on August 24, 2026 (ECF No. 30). The Court denied the Motion to Intervene on September 28, 2026 (ECF No. 34).

On August 13, 2026, Defendant Bonta answered the First Amended Complaint

(ECF No. 26). The Court then issued a notice and order for early neutral evaluation ("ENE") conference and case management conference on August 14, 2026 (ECF No. 27). After the Parties filed a joint motion to continue the ENE deadlines (ECF No. 32), the Court continued the ENE deadlines as follows (ECF No. 33):

- October 14, 2026 – Deadline to meet and confer pursuant to Fed. R. Civ. P. 26(f);
- October 26, 2026 – Deadline to file a joint discovery plan and lodge confidential ENE statements;
- October 28, 2026 – Deadline to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)-(D);
- November 4, 2026, at 1:30 p.m. – ENE conference and case management conference.

## III. LEGAL STANDARD

Under Rule 15(a)(2), Federal Rules of Civil Procedure, a court should grant leave to amend a complaint "freely when justice so requires." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). This policy should be applied "with extreme liberality." *Jensen v. Brown*, 131 F.4th 677, 701 (9th Cir. 2025) (citation omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original). Additionally, "[t]he party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (citation omitted).

## IV. ARGUMENT

The *Foman* factors overwhelmingly favor granting leave to amend. ***First***, this Motion is timely. The facts and circumstances underlying the new claims were not complete or knowable at the time Plaintiffs filed the original Complaint or First Amended Complaint. It was after Plaintiffs filed the First Amended Complaint that many of the rules and requirements on which the proposed Second Amended Complaint is based were finalized or proposed and their consequences began to come into focus. For example, CalRecycle did not finally promulgate the regulations implementing SB 54 until May 1, 2026, and these regulations interpreted key provisions of SB 54 and left others unaddressed. Furthermore, the registration deadline for producers was June 1, 2026. As another example, the designated Producer Responsibility Organization (PRO) under SB 54 submitted its draft program plan setting forth anticipated fees and methodologies on June 15, 2026. In addition, uncertainty around the implementation of SB 54 has increased with the filing of a challenge to the constitutionality of the overall statutory scheme on June 22, 2026 (*Nebraska v. Heller*, No. 2:26-cv-02214-DC-CKD (E.D. Cal. filed June 22, 2026)) and the filing of a challenge to the CalRecycle implementing regulations on June 25, 2026 (*Nat. Res. Def. Council v. Dep't of Res. Recycling & Recovery*, No. TC26-1741 (Cal. Super. Ct. S.F. Cnty. filed June 25, 2026)).

***Second***, this Motion is made in good faith and solely for the purpose of seeking relief on behalf of Plaintiffs and their members.

***Third***, there were no deficiencies Plaintiffs needed to or could cure at the time of filing the First Amended Complaint.

***Fourth***, none of the Defendants can claim prejudice given that the new claims logically and predominantly flow from the questions of law and fact raised in the First Amended Complaint. Plaintiffs' challenge to SB 54 is aimed at the definition of "recyclable," which is explicitly grounded in the definition in SB 343. The questions of law in the Second Amended Complaint largely build on the vagueness arguments

that featured prominently in the First Amended Complaint, along with other related questions of First Amendment and Due Process rights. Defendant's counsel (who also generally represents in litigation the two new Defendants named in the Second Amended Complaint) has been aware of the general nature of this amendment for several months. Further, no discovery has occurred, and there is no trial date set.

***Fifth*** and finally, amendment is not futile because the new claims are grounded in well-established legal theories, including several that served as the basis for Plaintiffs' Motion for Preliminary Injunction.

For these reasons, Plaintiffs are entitled to a presumption favoring amendment, and respectfully request that the Court grant this Motion.

**A. <u>This Motion Is Timely</u>.**

The timing of this Motion weighs in favor of granting leave to amend. The timeliness of a motion to amend is in part a question of "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (citation omitted). Further, "[w]hether there has been 'undue delay' should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date." *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991)). Delay by itself is "insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

***First***, this Motion is timely because it depends in large part on the SB 54 regulations finalized by CalRecycle after Plaintiffs filed the original Complaint and First Amended Complaint. District courts have routinely concluded that a motion to amend to reflect later regulatory activity or factual finding does not constitute undue delay. For example, in *DCD Programs*, the Ninth Circuit found that the plaintiff provided a "satisfactory explanation for their delay" in adding a defendant in a fourth

amended complaint because "they waited until they had sufficient evidence of conduct upon which they could base [the new] claims." 833 F.2d at 187. Similarly, in *San Luis & Delta-Mendota Water Authority v. U.S. Department of Interior*, the court held that plaintiffs did not unduly delay in filing an amended complaint nearly a year after the federal agency engaged in the challenged action. 236 F.R.D. 491, 499-500 (E.D. Cal. 2006); *see also Upper Missouri Waterkeeper v. EPA*, No. CV-16-52-GF-BMM, 2018 WL 11418417, at *3 (D. Mont. Feb. 2, 2018) (finding that plaintiffs did not unduly delay in seeking to amend their complaint 30 days after the challenged federal agency action).

Here, Plaintiffs' claims challenging SB 54 and the implementing regulations are timely filed. Plaintiffs could not have known the newly raised facts and theories at the time of filing the original Complaint or First Amended Complaint because CalRecycle did not finalize the SB 54 regulations until May 1; producer registrations were not due until June 1; the PRO did not submit its proposed program plan until June 15; and the challenges to the constitutionality of SB 54 and to portions of the regulations were not filed until later in June. Waiting until the regulations were finalized was particularly prudent given that they are material to the newly added claims; challenging SB 54 before the regulations were finalized may have drawn a ripeness challenge. Furthermore, with 21 trade associations representing collectively over a thousand individual members, the tasks of researching, drafting, revising, and finalizing the Second Amended Complaint took considerable time. Plaintiffs therefore did not unduly delay in bringing these new claims.

***Second***, Plaintiffs have not unduly delayed because they devoted significant time and resources engaged in motion practice during the interim period between the finalization of the regulations and the filing of this Motion. Plaintiffs filed their Motion for Preliminary Injunction on April 24, 2026 (ECF No. 14), before CalRecycle finalized the regulations. Plaintiffs' focus was to secure relief from the looming SB 343 enforcement date of October 4, 2026. *Cf. Sharp Mem'l Hosp. v.*

*Medi-Excel, S.A. De C.V.*, No. 24-CV-00511-WQH-JLB, 2026 WL 684655, at *5 (S.D. Cal. Mar. 10, 2026) (Hayes, J.) (finding that defendant's motion for leave to amend its answer was not unduly delayed in part because of "intervening motion practice during the period of delay"). Plaintiffs sought to avoid confusing the issues or delaying the Court's consideration of the Motion for Preliminary Injunction.

Furthermore, less than two weeks after the Court granted the Motion for Preliminary Injunction, Intervenors moved to intervene in this case. It would have been infeasible for Plaintiffs to simultaneously defend against the Motion to Intervene and bring a well-considered amended complaint. *Cf. United States ex rel. Jackson v. Metal Improvement Co.*, No. CV 12-1755-MWF (CWX), 2018 WL 5905593, at *1 (C.D. Cal. June 22, 2018) (finding that there was no undue delay when plaintiff waited to amend his complaint while he waited for the government to decide whether it would intervene in the case). Thus, any delay was wholly justified in the context of the initial motions brought before the Court. *See E. W. Bank v. Shanker*, No. 20-CV-07364-WHO, 2021 WL 1893062, at *4-5 (N.D. Cal. May 11, 2021) (finding that a delay of four months did not constitute undue delay).

***Third***, there is also no undue delay because this Motion comes at an early stage of this case. Defendant Bonta answered the First Amended Complaint on August 13, 2026 (ECF No. 26). The Parties have not conducted any discovery. The deadline for the Parties to meet and confer pursuant to Federal Rule of Civil Procedure 26(f) has not yet occurred, and the joint discovery plan is not due to the Court until October 26, 2026 (ECF No. 33). *See Orona v. Patagonia, Inc.*, No. 25CV0140-LL-AHG, 2026 WL 2080521, at *2 (S.D. Cal. July 17, 2026) (finding no undue delay in part because "no discovery [had] been taken"). Further, there is no trial date scheduled, and any potential trial is likely months away. *See Hoot Winc, L.L.C. v. RSM McGladrey Fin. Process Outsourcing, LLC*, No. 08CV1559 BTM(WMC), 2009 WL 10671904, at *2 (S.D. Cal. Jan. 21, 2009) (finding no undue delay where "no discovery had taken place and no trial date had been set"). As a result, this Motion

will not materially affect discovery or trial timelines, and is therefore timely.

**B. <u>This Motion Is Made in Good Faith</u>.**

Plaintiffs move to amend the First Amended Complaint in good faith and for a legitimate purpose. A finding of bad faith requires an affirmative showing by the party opposing amendment. *Richardson v. United States*, 841 F.2d 993 (9th Cir.), *amended*, 860 F.2d 357 (9th Cir. 1988). For example, the opposing party must demonstrate a wrongful motive, *see DCD Programs*, 833 F.2d at 187, or in some cases, undue delay, *see Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995), *superseded by statute on other grounds*, Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1226 (1996).

This Motion is timely brought with proper motive. Plaintiffs seek to secure meaningful relief for their members who must keep up with the demands of a constantly evolving and uncertain regulatory environment for consumer products and packaging. The statutory schemes of SB 343 and SB 54 are tightly interwoven—implementation of one informs implementation of the other. By amending the First Amended Complaint, Plaintiffs can pursue more complete relief from laws that place unconstitutional burdens on the products their members sell and seek to continue selling. And as discussed above, Plaintiffs have not unduly delayed in seeking this amendment. This case is functionally still quite early. The intervening time between filing the First Amended Complaint and the filing of the instant Motion was spent on the Motion for Preliminary Injunction and Motion to Intervene. Defendant Bonta only answered the First Amended Complaint about eight weeks ago, and the Parties have not engaged in any discovery. There is no basis to show wrongful motive or delay in bringing this Motion. As a result, Plaintiffs file this Motion in good faith.

**C. <u>Plaintiffs Have Not Failed to Cure Any Deficiencies in Previous Amendments</u>.**

Plaintiffs have not failed to cure any deficiencies through prior amendments because no such deficiencies existed. Plaintiffs amended the original Complaint once

as a matter of course pursuant to Rule 15(a)(1) (ECF No. 7). At that time, there were no deficiencies that Plaintiffs could be said to have failed to cure. Moreover, Plaintiffs do not seek leave to amend to cure defects. *See Yu v. Southland Taste Rest. Inc.*, No. C 07-2274PVT, 2007 WL 3306631, at *2 (N.D. Cal. Nov. 6, 2007) (granting plaintiff's motion for leave to file a second amended complaint to name new defendants and add a new claim because the first amended complaint only named new parties and there was no failure to cure any defects). Plaintiffs seek to add new claims that were not available or ripe at the time Plaintiffs filed the First Amended Complaint. The new claims relate to SB 54 and its implementing regulations. The regulations only went into effect on May 1, 2026, after Plaintiffs' window to amend the original Complaint as of right elapsed. Thus, Plaintiffs could not have added these claims or cured any purported deficiencies at the time of filing the First Amended Complaint because they did not know how the regulations would or would not address deficiencies and ambiguities in the statute. This factor therefore supports granting leave to amend.

**D. <u>Granting Leave to Amend Will Not Prejudice Defendants</u>.**

Amending the First Amended Complaint will not prejudice the Defendants. Demonstrating prejudice requires a showing of substantial prejudice. *Gomez v. Gonzalez*, No. 3:23-CV-02026-WQH-DDL, 2025 WL 2638532, at *2 (S.D. Cal. Sep. 12, 2025). "To meet its burden of demonstrating prejudice, the non-movant must show that amendment 'greatly alters the nature of the litigation and requires defendants to undertake, at a late hour, an entirely new course of defense.'" *Id.* (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Concerns of prejudice are "generally mitigated where the case is still in the discovery stage, no trial date is pending and no pretrial conference has occurred." *Calderon v. Tulare Reg'l Med. Ctr.*, No. 1:17-CV-0040-BAM, 2018 WL 4473626, at *5 (E.D. Cal. Sep. 17, 2018) (citing *DCD Programs*, 833 F.2d at 187-88); *see also Burrola v. U.S. Sec. Assocs., Inc.*, No. 3:18-cv-00594-BEN-JLB, 2019 WL 482491,

at *3 (S.D. Cal. Feb. 7, 2019) (finding that granting a motion to amend would not prejudice the opposing party, in part because no discovery had commenced and no trial date had been set).

***First***, the new claims included in the proposed Second Amended Complaint will not prejudice any of the Defendants. New claims are "not fatal to amendment," even where they "greatly alter[] the nature of the litigation" such that defendants would have to undertake "an entirely new course of defense." *Morongo Band*, 893 F.2d at 1079. In *Morongo Band*, the court denied leave to amend a complaint against two individuals not merely because the claims altered the nature of the litigation, but because of the "radical shift in direction posed by these claims, their tenuous nature, and the inordinate delay." *Id.* Indeed, the plaintiffs in *Morongo Band* originally sued to enforce an ordinance prohibiting private bingo games, but sought to amend their complaint to raise RICO, tribal contract, criminal depredation, and trespass claims. *Id.* at 1076-77, 1079. Further, the plaintiffs did not file a motion for leave to amend their complaint until after the original complaint was dismissed and almost two years after the original complaint was filed. *Id.* at 1079.

In contrast to the plaintiffs in *Morongo Band*, Plaintiffs bring this Motion to raise closely related claims near the beginning of this litigation, and after the Court has found Plaintiffs' original claims to have a likelihood of success on the merits. ECF No. 24 at 64, 66. Whereas the plaintiffs in *Morongo Band* brought disjointed, tenuous claims in their motion to amend, a logical nexus flows from the original claims challenging SB 343 to the new claims in the proposed Second Amended Complaint challenging provisions of SB 54. As already raised in this case, SB 343 uses ambiguous provisions to define the word "recyclable," and SB 54 incorporates that definition wholesale. SB 54 also hinges on similar terms like "nonrecyclable," "recycling," "recycling rate," "less likely to be recycled," and related terms in a manner that raises similar factual and legal questions of unconstitutional vagueness.

Even though "recyclable" and "recycled" are defined separately, the statutory

requirements concerning these terms share underlying factual similarities. For example, both terms depend on a business's ability to ascertain the appropriate Covered Material Category ("CMC") to determine what is recyclable and recycled under SB 54. Yet the CMCs are ambiguous, complicating compliance with both provisions of the law. Plaintiffs' inability to decipher the vague provisions of SB 54 is compounded by the urgency to comply with these provisions on impossible timelines, raising additional Due Process questions concerning adequate notice and time to comply. Moreover, the receipt surcharge provision of SB 54 raises questions concerning restrictions of commercial speech that overlap with those raised in the First Amended Complaint. Finally, as Plaintiffs try to comply with these ambiguous, unconstitutional provisions, they are also responsible for various fees related to implementation of SB 54. However, businesses should not be financially responsible for the implementation of a constitutionally deficient law, especially where fees are allocated disproportionately, and in some cases, without government oversight.

Thus, the claims included in the proposed Second Amended Complaint present a logical, measured development of this litigation to seek relief for Plaintiffs and their members from a complex statutory scheme tied to SB 343. *See Sonos, Inc. v. Google LLC*, No. 2:20-CV-00169-JAK (DFMX), 2025 WL 2087760, at *6 (C.D. Cal. July 15, 2025) (granting the defendant's motion to amend the answer to add counterclaims and agreeing with the defendant's argument "that amendment is routinely permitted where, as here, there is a significant overlap in subject matter and litigation is still in the early stages.").

The questions raised in the proposed Second Amended Complaint are united under a cohesive theme underpinning this litigation—what is required to timely comply with SB 343 and SB 54 and avoid legal liability is unknown and constitutionally suspect. Plaintiffs therefore bring these claims together in order to secure complete relief from each ambiguous, arbitrary, or unjust provision of SB 343 and SB 54. As a practical matter, securing meaningful relief from the burdens of

SB 343 and SB 54 necessitates litigating these claims in the same proceeding. Compliance with SB 343 and SB 54 triggers overlapping logistical questions related to updating the design, materials, and labels incorporated in regulated products and packaging. Pursuing relief from only one of these laws would not fully alleviate the onerous burdens involved in complying with the remaining provisions. And because implementation of one law informs implementation of the other, proceeding in separate actions would only increase confusion for businesses, risk conflicting rulings, and burden the judiciary and the parties. The claims in the proposed Second Amended Complaint are therefore sufficiently related to the claims in the First Amended Complaint such that granting leave to amend will not prejudice Defendants.

***Second***, a timely amendment further alleviates purported claims of prejudice stemming from new claims. *See Castro v. City of Union City*, No. 14-CV-00272-MEJ, 2015 WL 3799521, at *8 (N.D. Cal. June 18, 2015) ("[T]o the extent that Defendants may have to shift their litigation strategy, the case is still in the preliminary stages of litigation, and any such shift is therefore not sufficient to deny Plaintiff leave to amend."). At this early stage of litigation, Defendants cannot show substantial prejudice. The Parties have not yet conducted any discovery. The Parties are not required to submit a joint discovery plan or exchange initial disclosures until approximately three weeks after the date of this filing. Additionally, neither a pretrial conference nor a trial has been scheduled. The impact of this Motion on Defendant Bonta is materially the same as if the new claims were included in the original Complaint. The claims of the First Amended Complaint remain intact. No prejudice stems from having to answer the additional claims. This Motion therefore comes at the functional beginning of this case and will not prejudice Defendant Bonta.

***Third***, amendment will also not prejudice the newly added Defendants. A newly added Defendant is not prejudiced by amendment where the case is still in the discovery stage (or as here, before it has begun), and neither a pretrial conference nor

a trial has been scheduled. *See DCD Programs*, 833 F.2d at 187-88 ("Given that this case is still at the discovery stage with no trial date pending, nor has a pretrial conference been scheduled, there is no evidence that [newly added Defendant] would be prejudiced by the timing of the proposed amendment."). As stated, no discovery has yet been conducted. The new Defendants will have a complete opportunity to participate in discovery and prepare for trial as though they were named in the original Complaint. Additionally, the new Defendants cannot claim prejudice due to not participating in prior motions. The Motion for Preliminary Injunction sought relief exclusively against the Attorney General. As is evident in the proposed Second Amended Complaint, the claims related to SB 343 that served as the basis for the Motion for Preliminary Injunction are brought only against the Attorney General. The new Defendants therefore cannot claim prejudice.

***Fourth***, Defendant Bonta's counsel has been on notice since the hearing on the Motion for Preliminary Injunction on June 3, 2026, that Plaintiffs' counsel were considering amending the First Amended Complaint to add claims challenging aspects of SB 54 given the overlapping definition of "recyclable" in SB 343 as well as other aspects of SB 54 that rely on related terms. Furthermore, on July 31, 2026, Plaintiffs' counsel met and conferred with Defendant's counsel about this proposed amendment, outlining the claims under consideration and the legal and factual basis for them.

For these reasons, the proposed Second Amended Complaint poses no prejudice to Defendants, and Plaintiffs are entitled to a presumption in favor of granting this Motion to amend the First Amended Complaint. *See Eminence Cap., LLC*, 316 F.3d at 1052.

**E. <u>Amendment Is Not Futile</u>**.

Finally, Defendants cannot show that the proposed amendment is futile. Demonstrating that an amendment is futile demands that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and

sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation omitted). As with the other *Foman* factors, "[t]he party opposing amendment bears the burden of showing . . . futility of amendment." *Foster v. Digital Safety Prods., LLC*, No. 3:25-CV-01782-H-KSC, 2025 WL 3064696, at *2 (S.D. Cal. Nov. 3, 2025) (citing *Eminence Cap., LLC*, 316 F.3d at 1052). As a result, "denial of a motion to amend on this ground is rare." *Holm v. Acima Credit Digital, LLC*, No. 3:24-CV-02345-GPC-DTF, 2025 WL 951273, at *2 (S.D. Cal. Mar. 27, 2025) (citation omitted). Instead, "courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citation omitted).

Each of the additional claims included in the proposed Second Amended Complaint is firmly rooted in constitutional doctrine and relevant case law, and tied to the vast, complex statutory scheme of SB 54. Because factual allegations are presumed true on a motion seeking leave to amend, Plaintiffs' proposed Second Amended Complaint states valid claims for declaratory and injunctive relief. *See SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1096 (S.D. Cal. 2002) ("To determine the futility of amendment, the Court is required to accept Aeronex's allegations in the proposed [second amended answer and counterclaims] as true.").

Additionally, several claims in the proposed Second Amended Complaint substantially overlap with the underlying facts and legal claims in the First Amended Complaint, including where SB 54 expressly adopts SB 343's definition of the term "recyclable," which this Court already found likely unconstitutional under the First and Fourteenth Amendments. *See* ECF No. 24. And based on this Court's order granting the Motion for Preliminary Injunction, those claims were found likely to have legal merit. This suggests that the overlapping claims are similarly colorable. Further evaluation of the merits of the new claims is better considered after leave to amend is granted and the proposed Second Amended Complaint is filed.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion for Leave to File the Second Amended Complaint.

Dated: October 8, 2026

Respectfully submitted,

By: *__/s/ Trenton H. Norris__*
Trenton H. Norris

*Attorneys for Plaintiffs*
California League of Food Producers
American Forest & Paper Association
California Apple Commission
California Blueberry Commission
California Grocers Association
California Restaurant Association
California Retailers Association
California Strawberry Commission
California Table Grape Commission
California Walnut Commission
Californians for Affordable Packaging
Consumer Brands Association
Dairy Institute of California
Flexible Packaging Association
Grower Shipper Association of Central California
Olive Oil Commission of California
Personal Care Products Council
Pet Food Institute
Print Creative Alliance
SNAC International
Western Growers Association